THOMAS C. AND RITA HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 17252-84.
United States Tax Court
T.C. Memo 1987-52; 1987 Tax Ct. Memo LEXIS 213; 52 T.C.M. (CCH) 1503; T.C.M. (RIA) 87052; January 22, 1987. Philip W. Sandler, for the petitioner. Robert F. Simon, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on petitioners' motion for litigation costs pursuant to Rule 231 and section 7430. [1] The issue is whether petitioners should be awarded reasonable litigation costs pursuant to section 7430. The parties have submitted a stipulation of services rendered by counsel for petitioners in the event we grant *214 petitioners' motion. [2]
Petitioners Thomas C. Harrison and Rita Harrison resided in Park Ridge, Illinois, when they filed the petition herein. Respondent issued a notice of deficiency with respect to petitioners' Federal income tax liability for taxable year 1980. The entire amount of deficiency determined in the notice of deficiency herein arose from respondent's disallowance of partnership losses claimed by petitioner Thomas C. Harrison in his capacity as a limited partner of Triangle *215 Village Associates, Ltd. (herein "Triangle"), a limited partnership. Respondent had conducted an examination of Triangle's information return for 1979, 1980, and 1981. The statute of limitations under section 6501(a) for petitioners' 1980 Federal income tax return would expire on April 15, 1984. On April 2, 1984, respondent sent a Consent Form 872A -- Special Consent to Extend the Time to Assess Tax -- to petitioners requesting that they execute such form for taxable year 1980. On April 4, 1984, petitioners executed the Form 872A and mailed it to respondent. Respondent never received the executed document. On April 11, 1984, respondent issued the notice of deficiency with respect to petitioners' 1980 Federal income tax liability. A statement issued with such statutory notice states: The above respective claimed losses are disallowed because you have not substantiated that the entity was engaged in an activity entered into for profit or that deductible expenses were incurred by the entity in excess of its income. Furthermore, you have failed to establish any basis in the entity which would permit you to deduct an otherwise distributable loss. * * * * * * It is determined *216 that you failed to show that you are entitled to a share in qualified investment in excess of $0 from Triangle Village Assoc. * * * Petitioners timely filed the petition herein on June 6, 1984. Respondent thereafter filed an answer to the petition. On December 17, 1984, petitioners' counsel notified respondent's counsel that respondent's Newark, New Jersey, District Director concluded the examination of Triangle's information return, and issued a "no-change" letter on November 28, 1984. That is to say, the examination had been closed without adjustment. Respondent's counsel thereupon offered to concede the deficiency in the instant case pending verification of the issuance of the no-change letter and the information contained therein. The telephone call on December 17, 1984, was the first communication between counsel after the pleadings were filed. In January of 1985, after receipt of a copy of the "no-change" letter issued to Triangle, respondent executed a stipulation of settled issues, thereby conceding the amount of deficiency in the instant case. The parties subsequently filed with the Court the stipulation of settled issue with respect to petitioners' Federal tax *217 liability for 1980. Petitioners then filed a motion for litigation costs pursuant to section 7430. A hearing was held on petitioners' motion. Section 7430 states, in pertinent part, [3]
(a) In General. -- In the case of any civil proceeding which is -- (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court and the United States Claims Court), the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding. * * * (c) Definitions-For purposes of this section- * * * (2) Prevailing party. -- (A) In general. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- (i) establishes that the position of the United States in the civil proceeding was unreasonable, and (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or *218 set of issues presented. (B) Determination as to prevailing party. -- Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made -- (i) by the court, or (ii) by agreement of the parties. Respondent concedes that petitioners had exhausted their available administrative remedies and that petitioners have substantially prevailed with respect to the amount in controversy on the most significant issue or set of issues presented in the notice of deficiency. Petitioners argue that respondent's position in the civil proceeding was unreasonable in the issuance of the notice of deficiency and in his failure to initiate communication between the parties prior to conceding the case. Petitioners argue therefore that they are entitled to an award of litigation costs pursuant to section 7430. [4]
*219 Our inquiry herein turns on whether the position of the United States in the civil proceedings was unreasonable within the meaning of section 7430(c)(2)(A)(i). We have held that the clear meaning of the specific language of the phrase, "position * * * in the civil proceeding," and of the statute as a whole, supported by legislative history, requires us to examine the reasonableness of respondent's position during the litigation, that is to say, from the time of the filing of the petition in this Court. , vacated and remanded on other grounds ; . We followed that standard in , and therein limited our inquiry concerning the reasonableness of the Commissioner's position to the post-petition period of the case. . [5]
*220 The determination of reasonableness requires an examination of all post-petition facts and circumstances. . The factors we may consider here are: (1) Whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case; (2) Whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation; and (3) other factors as the Court finds relevant. H. Rept. No. 97-404, at 12 (1981); See also . Furthermore, concession of a case does not mean that the conceding party's position in the civil proceeding was unreasonable. . Petitioners have the burden of proof with respect to this issue. Rule 232(e). With that in mind, we now examine the facts as established in this case to determine whether respondent's position in the civil proceeding was unreasonable under section 7430. We first address petitioners' contention that *221 respondent did not initiate contact with petitioners after the petition and the answer herein were filed. As respondent states in his reply memorandum of law to petitioners' motion, it was petitioners' burden and responsibility to come forward with evidence to sustain their allegations of error. Rule 142(a). That communication was not initiated between counsel for the parties is more telling of petitioners' conduct than that of respondent. We are not prepared to find respondent's failure to initiate communication between the parties after the pleadings were filed to indicate an unreasonable position in the civil proceeding. We also refuse to hold that the insistence of counsel for respondent in obtaining verification of the "no-change" letter before conceding the case indicates an unreasonable position in the civil proceeding. The petition herein was filed on June 6, 1984. Respondent indicated his willingness to concede the case on December 17, 1984, immediately upon notification from petitioners' counsel that the transaction giving rise to the deficiency had been resolved by respondent's Newark, New Jersey, District Director, in petitioners' favor. Petitioners made much of the *222 fact that respondent did not initiate contact with petitioners between the filing of the pleadings and the concession, and that respondent delayed in conceding the case. We note that only one month elapsed between respondent's receipt of notification of the "no-change" letter and his final concession of the case. Furthermore, we do not find counsel's insistence on verification before final concession of the case unreasonable conduct. If petitioners' counsel relied on the issuance of the "no-change" letter, he most likely had in his possession a copy of such letter, and respondent's counsel's request of such a copy was not unreasonable. We hold that respondent's position in the civil proceeding herein is not unreasonable and petitioners' motion for an award of litigation costs under section 7430 is therefore denied. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of the commencement of this case, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The parties only agreed in the stipulation of services to the amount of litigation costs incurred and paid prior to the filing of the motion. The parties agree that, in the event the motion for litigation costs is granted, petitioners are entitled to litigation costs paid or incurred in connection with the motion of litigation costs. However, the parties have not agreed as to the amount of service performed by petitioners' counsel in that regard.↩
3. Section 7430 has been amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752. However, cases which commenced before January 1, 1986, such as the instant case, are governed by section 7430 as in effect before January 1, 1986. H. Rept. 99-841, at II-802 (Conf. 1986).↩
4. Petitioners have made no argument that respondent's legal position is unreasonable.↩
5. Petitioners have cited cases wherein the court decided that the position of the United States in the civil proceeding includes the Internal Revenue Service's position before litigation. For example, the Fifth Circuit Court of Appeals held that the inquiry should focus on the Internal Revenue Service's position at the time the petition was filed and that if the Internal Revenue Service takes an arbitrary position and forces the taxpayer to file a suit, then the taxpayer should be permitted to recover the cost of suing. , remanding a Memorandum Opinion of this Court. In , the First Circuit held that the government's prelitigation conduct as well as its conduct in litigation-related proceedings after a suit is initiated should be considered in setting attorney's fees. We note that the Seventh Circuit, wherein lies the appeal of the instant case, has not yet addressed this issue. In any event, we do not find the issuance of the notice of deficiency unreasonable. . (The Commissioner's issuance of a statutory notice where a taxpayer refuses to extend the statutory period for assessment does not, per se, render the notice arbitrary or invalid.)↩